UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PERRY SHANANAQUET,                                                             Plaintiff,

v.                                      CIVIL ACTION NO. 3:17-CV-P550-DJH

MARK BOLTON,                                                            Defendant.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff Perry Shananaquet leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed in part and Plaintiff will be allowed to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff is a pretrial detainee incarcerated at the Louisville Metro Department of Corrections (LMDC). Plaintiff brings this action against Defendant Mark Bolton, the Director of the LMDC, in his official capacity. Plaintiff states that he is bringing claims against LMDC for "black mold, overcrowdedness, poor ventilation, out of order shower and sink, and violation of the grievance procedure."

Plaintiff first complains about his conditions of confinement at LMDC. He alleges that several of the dorms he has been housed in have had showers with visible black mold. Plaintiff states that he has asthma and that this medical condition has escalated "from mild to acute and sometimes results in the use of a nebulizer." Plaintiff further contends that LMDC has a poor ventilation system clogged with dust which "has caused Plaintiff's asthma to trigger."

Plaintiff also alleges that LMDC is overcrowded and that "24 man dorms with 2 showers 3 toilets and 3 sinks" are "over populated by 16-20 and that has caused no access to the dayroom and nowhere for the plaintiff to eat." Plaintiff claims that these living conditions have caused "emotion distress, threat to safety, lack of sleep, and excessive sleep due to depression." Plaintiff also states that since living in one specific dorm, "there has only been one shower for 40 people and 2 sinks." He claims that this has caused "mental anguish, lack of hygiene, and conflict."

Plaintiff also states that on August 19, 2017, he was "given a disciplinary report for refusing to follow staffs order." Plaintiff writes that he was then "classified" to go a specific dorm but that he refused out of fear for his safety. According to Plaintiff, he was then placed in a "hold over cell with no bathroom for 1 hr." He was then moved to another dorm with "no mat and no boat." Plaintiff states that he then refused this housing and was placed in another "hold over [cell] with extreme cold air, no sink and no bathroom" until Plaintiff was advised that he had been put back on the list to move to the dorm he had initially refused for "safety purposes." Plaintiff states that he stayed in the "hold over [cell] for a total of 14 hrs" with no sink and no bathroom. Plaintiff claims that this incident "inflicted extreme mental anguish and sleep deprivation."

Finally, Plaintiff claims that LMDC officials are violating LMDC's grievance procedures by failing to timely respond to his grievances and by failing to return his grievances to him with "proper signatures to prove delivered upon receiving a response."

As relief, Plaintiff seeks punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. CONDITIONS OF CONFINEMENT

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."[1] *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

---

[1] Because Plaintiff is a pretrial detainee and not a convicted prisoner, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). However, "[t]he Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff." *Harrell v. Grainger Cty., Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010). Plaintiff's conditions-of-confinement claims, therefore, will proceed under the Fourteenth Amendment, but will be analyzed like Eighth Amendment claims. *See Bass v. Strode*, No. 1:12CV-P182-R, 2012 U.S. Dist. LEXIS 164074, at *5 (W.D. Ky. Nov. 15, 2012).

4

### 1. Black Mold and Poor Ventilation

In his complaint, Plaintiff alleges that black mold in the showers at LMDC and LMDC's poor ventilation system have caused his asthma to escalate from "mild to acute and sometimes results in the use of a nebulizer." As written, this claim is subject to dismissal because Plaintiff seeks punitive damages. "A municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260, 271 (1981).[2] The Court, however, will allow Plaintiff an opportunity to amend his complaint to seek different relief. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### 2. Overcrowding

Plainiff also claims that LMDC is so overcrowded that he has no access to the "dayroom" and no place to eat. He further claims that there has only been "one shower for 40 people and 2 sinks." He claims that these conditions have caused "emotional distress, threat to safety, lack of sleep, excessive sleep due to depression . . . [and] lack of hygiene, conflict."

The Sixth Circuit has held that "overcrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). To allege extreme deprivation to support a viable prison-overcrowding claim, an inmate must allege that the overcrowding results in "deprivations denying 'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Plaintiff's allegations do not meet this standard. *See Agramonte v. Shartle*, 491 F. App'x at 559-60 (finding that plaintiff's

---

[2] As noted above, Plaintiff brings this action against Defendant Mark Bolton, the Director of the LMDC, in his official capacity. This means Plaintiff's suit is actually against the Louisville Metro Government. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, that there were lines to use the bathrooms and showers, and that there were no comfortable places to sit to watch television or write letters failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *Keeling v. Louisville Metro Corr. Dep't*, No. 314-CV-P697-DJH, 2015 U.S. Dist. LEXIS 69415, at *4-5 (W.D. Ky. May 29, 2015) (finding that plaintiff's allegations that the cell pods are crowded and that there was fighting over toiletries, soap, seating, and beds are not deprivations of the minimal civilized measure of life's necessities and, therefore, failed to state a claim upon which relief may be granted).

The Court likewise finds that Plaintiff has failed to allege an unconstitutional denial of his basic needs due overcrowding. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### 3. Temporary Cell Conditions

Plaintiff also complains that he was placed in a "hold over" cell with cold air, no sink, and no bathroom for at least 14 hours. These allegations also fail to establish a harm of constitutional magnitude.

In *Abdur-Reheem-X v. McGinnis*, the Sixth Circuit held that temporary placement in a cell with no sink and no toilet did not violate the Eighth Amendment. No. 99-1075, 1999 U.S. App. LEXIS 29997, at *2 (6th Cir. 1999). The Sixth Circuit has also held that the lack of running water for six days is not a condition that violates the Eighth Amendment. *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. Dec. 2, 2011); *see also Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Anderson v. Morris*, No. 4:16CV101-DMB-JMV, 2017 U.S. Dist. LEXIS

159954, at *30 (N.D. Miss. July 18, 2017) (no constitutional violation where inmate forced to spend four days in a cell without working water fixtures (sink and toilet) because the deprivation did not occur over an unreasonable period of time); *Wiley v. Ky. Dep't of Corr.*, No. 11-97-HRW, 2012 U.S. Dist. LEXIS 166385, at *11 (E.D. Ky. Nov. 21, 2012) (holding an inmate's placement in a "dry cell" with no running water failed to state a constitutional claim because the discomforts the inmate experienced lasted for only 14 days); *Clark v. Spey*, No. 01-C-9669, 2002 U.S. Dist. LEXIS 18122 (N.D. Ill. Sept. 26, 2002) (inmate held overnight in cold cell with no toilet did not state a claim).

Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

## B. GRIEVANCE PROCEDURE

Finally, Plaintiff complains that his rights have been violated because LMDC officials are not following LMDC's official grievance procedure.

The Sixth Circuit has held that prisoners do not have a constitutionally protected liberty interest in an inmate grievance procedure. *See*, *e.g.*, *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2005) (holding there is no inherent constitutional right to an effective prison grievance procedure.). Moreover, failure to reply to prison grievances is not sufficient to state a § 1983 claim. *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *McGee v. Grant*, 863 F.2d 883, at *3 (6th Cir. 1988) ("[I]nmate grievance procedures are not constitutionally required in state prison systems, therefore, any failure on the part of defendants to follow grievance procedures does not give rise to a § 1983 claim."); *Butterworth v. Jones*, No. 3:07cv1073, 2007 U.S. Dist. LEXIS

7

80419, at *5 (M.D. Tenn. Oct. 30, 2007) ("Although prisoners have a First Amendment right to file grievances, . . . [they] cannot premise a § 1983 claim against [a prison official] based on allegations that the grievance procedure produced an inadequate and/[or] unresponsive result because there is no inherent constitutional right to a grievance procedure in the first place.").

Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff shall have **30 days** from entry of this Memorandum Opinion and Order to amend his complaint to seek different relief with regard to his black mold and poor ventilation claim. The Clerk of Court is **DIRECTED** to send to Plaintiff the last page of a § 1983 form with this case number and the word "amended" on it.

**Plaintiff is WARNED that his failure to file an amended complaint within the time allotted will result in dismissal of the entire action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.**

Date:


cc:     Plaintiff, *pro se*
        Defendant
        Jefferson County Attorney
4415.011

8