UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PERRY SHANANAQUET,                                                                                    Plaintiff,

v.                                                                              Civil Action No. 3:17-CV-P550-DJH

MARK BOLTON,                                                                                         Defendant.

* * * * *

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Perry Shananaquet leave to proceed *in forma pauperis*. In his complaint, Plaintiff sued Louisville Metro Department of Corrections (LMDC) Director Mark Bolton in his official capacity for "black mold, overcrowdedness, poor ventilation, out of order shower and sink, and violation of the grievance procedure." Plaintiff sought punitive damages. On November 20, 2017, the Court conducted an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed Plaintiff's claims based upon overcrowding, temporary cell conditions, and violations of the grievance procedure for failure to state a claim upon which relief may be granted (DN 11). The Court, however, allowed Plaintiff to avoid dismissal of his black mold and poor ventilation claim by amending his complaint to seek different relief.

Plaintiff has now filed an amended complaint in which he seeks compensatory damages and asks the Court to order Defendant Bolton to remove the black mold at LMDC and repair its ventilation system (DN 12). Plaintiff also requests that he be allowed to sue Defendant Bolton in his individual capacity. Upon review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, the Court will allow Plaintiff's black mold and poor ventilation claims to proceed against Defendant Bolton in both his official and individual capacities. The Court will enter an Order Regarding Service and Scheduling Order to govern the development of these continuing claims.

In his amended complaint, Plaintiff also asks the Court to reconsider its dismissal of his overcrowding and grievance procedure claims. He also requests "a more definite statement per dismissed claims or alternatively give 'findings of fact' and 'conclusion of law" on dismissed claims." The Court may reconsider interlocutory orders under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015). Reconsideration of an interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959) (internal quotation marks omitted). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7. Here, Plaintiff has pointed to no change in governing law, new evidence, or clear error in the Court's initial review of these claims. Thus, for the reasons set forth in the Court's initial review of the complaint, which includes both a summary of Plaintiff's allegations with regard to each claim and the relevant controlling law, the Court finds that Plaintiff's claims based upon overcrowding and violations of the grievance procedure at LMDC were properly dismissed.

Date: December 10, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Jefferson County Attorney
4415.011