UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PERRY SHANANAQUET,                                                                     Plaintiff,

v.                                              Civil Action No. 3:17-CV-P550-DJH

MARK BOLTON,                                                                Defendant.

\* \* \* \* \*

### ORDER REGARDING SERVICE AND SCHEDULING ORDER

By separate Memorandum Opinion entered on this date, the Court conducted an initial review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. The Court allowed Plaintiff's 42 U.S.C. § 1983 claims based upon the presence of black mold and poor ventilation at Louisville Metro Department of Correction (LMDC) to proceed against LMDC Director Mark Bolton, in both his individual and official capacities, for compensatory damages and injunctive relief. To govern the development of the continuing claim, **IT IS ORDERED** as follows:

(1) **The Clerk of Court shall issue summons, and the United States Marshal shall serve a copy of the complaint and amended complaint (DNs 1 &12), the Memorandum Opinions and Order entered on November 20, 2017 (DN 11), the Memorandum Opinion entered this date, the instant Order, and summons on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. A copy of the foregoing materials shall also be served on the Jefferson County Attorney.**

(2) Should Plaintiff receive notice that a summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by

providing additional information to the Court.  **Failure to do so within 90 days of entry of this Order may result in dismissal of the Defendant at issue.**  *See* Fed. R. Civ. P. 4(m).

(3) The answer to the complaint shall be filed no later than **21 days** after service of summons.  Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by Defendant's answer.

(4) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties.  Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(5) The parties shall complete all pretrial discovery herein no later than **May 3, 2018**.  As a requirement of discovery, Defendant's counsel shall produce to Plaintiff all records or documentation which are relevant to the claim(s) set forth in the complaint.  **<u>Counsel shall certify that the production is complete and shall file the certification with the Court</u>**.  Within the same time, Plaintiff shall provide counsel for Defendant any records or documentation relevant to his remaining claims.  **<u>Plaintiff shall certify that production is complete and shall file the certification with the Court</u>**.  A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d).  *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing:  depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(6) This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and

36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

(7) No later than **June 4, 2018**, Plaintiff shall file a pretrial memorandum setting forth in detail all facts upon which he bases his claims in this matter against Defendant.

(8) No later than **July 2, 2018**, Defendant shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendant may file any dispositive motions, including motions for summary judgment pursuant to Federal Rule Civil Procedure 56.

(9) Either party may file dispositive motions at any time after providing the discovery required above or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **July 2, 2018**.

(10) If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires. Any such motion to extend any time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

(11) Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendant's counsel. *See* LR 5.2(e).

---

[1] The Court notes, however, that this action is exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision.").

(12) Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

(13) The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the *Pro Se Prisoner Handbook*.

Date: December 10, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Jefferson County Attorney
4415.011