UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PERRY SHANANAQUET,                                                    Plaintiff,

v.                                    Civil Action No. 3:17-cv-P550-DJH

MARK BOLTON,                                                    Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion and supplemental motion by Defendant Mark Bolton for summary judgment (Docket Nos. 42 & 62). By prior Order, the Court remanded these motions from the Court's active docket until they were fully briefed. Because this matter is now ripe for review, **IT IS HEREBY ORDERED** that the motions (DNs 42 & 62) are **reinstated** to the Court's active docket. For the following reasons, the Court will grant summary judgment in favor of Defendant Bolton.

**I.**

Plaintiff Perry Shananaquet initiated this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action in September 2017 while he was a pretrial detainee incarcerated at the Louisville Metro Department of Corrections (LMDC). On initial review of the action pursuant to 28 U.S.C. § 1915A, the Court dismissed several claims but allowed a claim based the upon the worsening of Plaintiff's asthma due to the existence of black mold and poor ventilation at LMDC to proceed against Defendant LMDC Director Mark Bolton in both his official and individual capacities.

On November 5, 2018, Defendant Bolton filed a motion for summary judgment (DN 42). After the time for filing a response had passed, the Court entered an Order directing Plaintiff to file a response and providing Plaintiff guidance on how to respond to a motion for summary

judgment under Fed. R. Civ. P. 56.  Plaintiff subsequently filed two documents which the Court construes as responses to Defendant Bolton's motion (DNs 55 & 57).

In Defendant Bolton's motion for summary judgment, he argued that he was entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies.  Defendant Bolton, however, did not attach LMDC's Grievance Procedure as an exhibit to his motion.  Thus, on May 1, 2019, the Court entered an Order directing Defendant Bolton to file a supplemental motion for summary judgment in which he submitted LMDC's Grievance Procedure as evidence.  This Order further directed Plaintiff to file a supplemental response to the motion which included details explaining how he attempted to exhaust LMDC's grievance process regarding his concerns of black mold and poor ventilation at LMDC and its effects upon his asthma.

Defendant Bolton filed his supplemental motion for summary judgment with LMDC's Grievance Procedure attached as evidence on May 15, 2019 (DN 62).  Plaintiff filed a supplemental response on May 24, 2019 (DN 63).  Defendant Bolton did not file a supplemental reply.[1]

**II.**

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a

---

[1] It was initially unclear to the Court that Plaintiff intended Docket No. 63 to be considered as his supplemental response because he indicated therein that he had not received a copy of Defendant Bolton's supplemental motion for summary judgment.  Thus, the Court entered Orders directing that Plaintiff be sent a copy of Defendant Bolton's supplemental motion and that Plaintiff file a supplemental response (DNs 66 & 71).  Plaintiff filed a response to these Orders on November 11, 2019, indicating that Docket No. 63 was in fact his supplemental response (DN 74).

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence of the non-moving party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Nevertheless, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Id.* at 586. Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. It is against this standard that the Court reviews the facts presented.

## III.

Defendant Bolton argues that he is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies.[2]

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a

---

[2] Defendant Bolton also argues that he is entitled to judgment on the merits. However, the Court need not address this argument because it concludes that no jury could reasonably find, based upon on the evidence presented, that Plaintiff exhausted his administrative remedies or that he should be excused for failing to do so.

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), which the defendant has the burden to plead and prove by a preponderance of the evidence.

The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must "properly exhaust" his remedies, which requires strict compliance with the grievance process provided by the prison. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). However, an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016). An inmate must demonstrate affirmative efforts to comply with an administrative procedure before claiming that he is excused from exhausting that procedure due to its unavailability. *Napier v. Laurel Cty.*, 636 F.3d 218, 223 (6th Cir. 2011).

Defendant Bolton's argument regarding exhaustion is straightforward. He argues that Plaintiff failed to file a grievance regarding the existence of black mold and poor ventilation prior to initiating the instant suit even though LMDC has an applicable grievance procedure. In support of this argument, Defendant Bolton attaches the affidavit of Meka Wingate, who states that she is the custodian of the grievances filed by inmates at LMDC (DN 42-3, Wingate Aff.). In her affidavit, she avers that she has reviewed the grievances filed by Plaintiff during his incarceration at LMDC and that he "did not file a grievance related to black mold or ventilation." (*Id.*). She further avers that all of the grievances filed by Plaintiff during his incarceration at

4

LMDC are attached as evidence to the motion (DN 42-4). These records indicate that Plaintiff was incarcerated at LMDC from December 6, 2016, until January 26, 2018, and that he filed five grievances during that period, none one of which pertained to black mold and/or poor ventilation (*Id.*). In support of his supplemental motion for summary judgment, Defendant Bolton attaches LMDC's Grievance Procedure (DN 62-1).[3]

In his responses (DNs 55 & 57),[4] Plaintiff does not seem to dispute that he failed to file a pertinent grievance prior to filing suit. Rather, in the second document which the Court construes as a response (DN 57), Plaintiff states as follows: "In the order is an affidavit by Meka Wingate. A 1983 was also filed on grivence procedure which was dismissed [on initial review] . . . . The Affidavit should not hold value due to claim that was dismissed on original claim against LMDC." In his verified complaint, Plaintiff made general allegations that LMDC officials failed to follow LMDC's Grievance Procedure.[5,6]

Thus, it appears that Plaintiff may be arguing that he was unable to file a grievance regarding the existence of black mold and poor ventilation prior to filing the instant suit due to

---

[3] LMDC's Inmate Grievance Procedure states that "[g]rievable issues shall include any aspect of confinement with the facility that is not specifically identified as a non-grievable issue." (*Id.*, p. 2, § IV.A). The procedure then sets forth the grievance process which includes the filing of a grievance, a "resolution stage" with a Grievance Counselor, and the ability to appeal if a grievant is not satisfied with the outcome of the "resolution response" (*Id.*, pp. 4-6, § G).

[4] In the first document the Court construes as a response to the motion for summary judgment (DN 55), Plaintiff addresses Defendant Bolton's arguments regarding the merits of his claim by attaching several exhibits, including medical records which ostensibly show that his asthma worsened while he was incarcerated at LMDC.

[5] On preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed Plaintiff's claim that LMDC's officials had failed to follow the grievance procedure for failure to state a claim upon which relief may be granted because the Sixth Circuit has held that prisoners do not have a constitutionally protected liberty interest in an inmate grievance procedure. *See, e.g.*, *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2005); *McGee v. Grant*, 863 F.2d 883 (6th Cir. 1988) (DN 11, Memorandum Opinion and Order). The Court, however, made no findings as to whether Plaintiff had exhausted, or attempted to exhaust, his administrative remedies in accordance with the grievance procedure with regard to his allegations of black mold and poor ventilation at LMDC (*Id.*).

[6] Plaintiff also filed a "Memorandum" asking that a "violation of due process be added for violating the policy of grievance procedure" (DN 59). However, as stated above, the Court dismissed such a claim from this action for failure to state a claim upon which relief may be granted. *See also Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures.").

difficulties he experienced with LMDC's Grievance Procedure. It appears, in other words, that Plaintiff is arguing that the LMDC Grievance Procedure was "unavailable" to him with regard to this specific grievance. The only evidence in the record that supports Plaintiff's argument that the grievance process was unavailable to him is Plaintiff's statement in his verified complaint that LMDC officials generally failed to timely respond to his grievances and failed to return his grievances to him with "proper signitures to prove deliverd upon receiving a response." Although a verified complaint carries the same weight as an affidavit for the purposes of summary judgment,[7] *see e.g.*, *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008), to create a genuine issue of material fact and survive summary judgment, the verified complaint must contain more than vague and conclusory allegations. *See, e.g.*, *Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment."). Here, the allegations set forth in the complaint concerning Plaintiff's issues with LMDC's grievance process are simply too vague to establish that the grievance process was unavailable to him. Plaintiff, for example, does not explain why he failed to file a pertinent grievance or otherwise describe with specificity how any attempt to exhaust the grievance process with regard to the pertinent grievance was thwarted. *See, e.g., Belser v. James*, No. 16-2578, 2017 U.S. App. LEXIS 23218, at *5 (6th Cir. 2017) (holding that the plaintiff's generalized statements regarding his inability to access the grievance process were "insufficient to create a genuine dispute of material fact as to whether the grievance process was available to him"); *Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004) ("[Plaintiff]'s bald assertion

---

[7] Plaintiff's original complaint was filed on September 8, 2017, but was not signed under penalty of perjury. However, on September 12, 2017, Plaintiff re-filed the last page of his complaint verifying that it was signed under penalty of perjury (DN 7).

that [the grievance coordinator] refused to give him grievance forms is not enough to excuse the complete absence of evidence that he attempted to exhaust his administrative remedies for the many claims he raised in his district court complaint."). Thus, the Court concludes that Plaintiff has failed to produce evidence sufficient to create a genuine issue of material fact as to whether he was unable to file a grievance regarding the existence of black mold and poor ventilation at LMDC because the grievance process was unavailable to him.

As such, the Court turns to Plaintiff's final argument which is set forth in his supplemental response as follows:

> The plaintiff chooses to move forward and show the Courts the grievance procedure has failed not only now but in the past by providing an update grivence about black mold and poor ventilation that was written on 4/15/19 and the plaintiff has still not received a reply which as of 5-19-19 is more then enough time to respond to the grivence. With this actual proof the plaintiff prays that the executive administrators and courts see this action in plaintiffs favor.

Plaintiff attaches to this response a grievance written on an LMDC grievance form which states: "The showers are [illegible] up with mold and needs to be properly cleaned with proper chemicals and the tools to Clean. Also, Rust falls from the vent above in the shower" (DN 63-1). The grievance is dated April 15, 2019 (*Id.*).

The fact that Plaintiff filed a grievance concerning the existence of mold at LMDC on April 15, 2019, and that no LMDC official responded to this grievance does not save him. The PLRA "requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies **prior to filing suit in federal court**." *Williams v. Norton*, 23 F. App'x 396, 397 (6th Cir. 2001) (emphasis added) (citing 42 U.S.C. § 1997e(a) and *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (holding that a claim is properly exhausted only where the administrative process is fully completed before the initiation of legal action). Plaintiff initiated this action in September 2017,

well over a year before he filed the grievance he submits in support of his supplemental response.

Thus, based on the evidence presented, the Court concludes that Defendant Bolton is entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies prior to filing this action and did not show that those remedies were unavailable to him.

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Bolton's motion and supplemental motion for summary judgment (DNs 42 & 62) are **GRANTED**.

The Court will enter a separate Judgment consistent with this Memorandum Opinion and Order.

Date: December 10, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Counsel of Record
4415.011